# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| TERRANCE EL JEROME GOLDEN ALI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO.: 1:12-CV-53-TLS |
| v. ) | |
| ) | |
| CENTRALIZED INFRACTIONS BUREAU, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Terrance El Jerome Golden Ali, a plaintiff proceeding pro se, filed a document that he titled Affidavit Tort Damages Deprivation of Constitutional Rights and Jury Demand [ECF No. 4]. He also filed an Application to Proceed Without Prepayment of Fees and Affidavit (*in forma pauperis*) [ECF No. 5]. For the reasons set forth below, the Court will DENY the Plaintiff's Application and, pursuant to 28 U.S.C. § 1915(e)(2)(B), will DISMISS what the Court has construed as the Plaintiff's Amended Complaint.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff contends that he earns approximately $250 per week, has no cash on hand and no dependents. Based on this information, it appears that the Plaintiff is financially eligible for *in forma pauperis* status. *See* Annual Update of the HHS Poverty Guidelines, 77 FED. REG. 4035 (Jan. 26, 2012).

The inquiry does not end there, however. District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has

happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In evaluating whether a complaint is frivolous for purposes of the *in forma pauperis* statute, the Court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32–33. Instead, the statute "accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 325. This includes allegations that are "fantastic" or "delusional." *Id.* at 328.

Here, the Plaintiff's original complaint was essentially incomprehensible. (*See* ECF No. 1.) The Court struck the complaint and granted the Plaintiff an opportunity to submit an amended complaint, sent him the proper form, and gave him specific instructions on what information he needed to provide. (Order, ECF No. 3.) Rather than completing the form that was sent to him, he filed a type-written document labeled, "Affidavit Tort Damages For Deprivation of Constitutional Rights and Jury Demand." This document is as incomprehensible as the original complaint. Given the nature and content of his filings, however, it does not appear that granting the Plaintiff another opportunity to replead his claims will result in a more viable complaint. The Court therefore proceeds to screening.

In his Amended Complaint, Golden Ali purports to sue an entity called the "Centralized Infractions Bureau," which he identifies as "a private corporation . . .foreign to the United States Republic," and four individuals, each of whom are identified as "STATE OF INDIANA/ALLEN SUPERIOR COURT officer of the, private corporation, foreign to the United States Republic;

and foreign to the organic Northwest Indiana Territory." (Am. Compl. 3, ECF No. 4.) The bulk of the Amended Complaint consists of nonsensical statements pertaining to Golden Ali's alleged status as an "Aboriginal Indigenous Moorish-American" who is subject to the "Treaty of Peace and Friendship of 1836 A.D." between the United States and Morocco rather than the laws of Indiana or the United States. At one point, he complains that he was pulled over by Allen County police officers for committing various traffic violations, which he believes was improper because "Plaintiff never entered into any contract/agreement nor was there a *corpus delecti* established into the record as subject matter." (*Id.* at 3–4.) He also asserts that a state case pending against him (perhaps arising from the traffic stop) is invalid because his name was put in all capital letters in the caption; he views this as a "deliberate grammatical error, intended for injury to me; and is clearly not of consanguine relationship to me or my nationality, in any form, truth, or manner." (*Id.* at 4.) Among other relief, he seeks enforcement of the "Divine Constitution and By-Laws of the Moorish Science Temple of America," dismissal of various state charges, and monetary damages against the defendants. (*Id.* at 16–17.)

The Court cannot discern within these allegations any plausible federal claim against any defendant. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward."); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid claim). To the extent Golden Ali is claiming to be a "sovereign citizen" not subject to the laws of Indiana or the United States, such a claim is "shop worn" and "frivolous." *See United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993); *see also Blake-*

*Bey v. Cook County, Ill.*, 438 Fed. Appx. 522, at *1 (7th Cir. Nov. 23, 2011) (suit properly dismissed as frivolous where plaintiffs, adherents of Moorish Science Temple of America, alleged that they were citizens of Moroccan Empire not subject to the laws of Illinois); *United States v. Toader,* 409 Fed. Appx. 9, at *13 (7th Cir. Nov. 24, 2010) (rejecting argument that court lacked jurisdiction over defendant claiming to be "Native Asiatic Moorish National Citizen" since laws of the United States "apply to all persons within its borders"). Furthermore, this Court has no authority to dismiss or otherwise interfere with the state court case.[1] *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (observing that as a general matter, federal courts lack authority to "control or interfere with state court litigation"); *Lewis v. Anderson*, 308 F.3d 768, 771-72 (7th Cir. 2002) ("lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). Accordingly, the Court declines to authorize the Plaintiff to proceed with this lawsuit under the *in forma pauperis* statute.

## CONCLUSION

For these reasons, the Court **DENIES** the Plaintiff's Application to Proceed Without Prepayment of Fees [ECF No. 5], and **DISMISSES** the Amended Complaint [ECF No. 4] pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED on April 16, 2012.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT

---

[1] Although federal habeas corpus provides a vehicle for challenging a state conviction on constitutional grounds, *see* 28 U.S.C. § 2254, Golden Ali does not provide sufficient information about the nature and status of the state case for the Court to ascertain whether this presents a viable option.